IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00641-PAB-STV

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

BOOST MY SCORE LLC, formerly known as Boost My Score dot Net, LLC, and also doing business as BoostMyScore.net,
BMS, INC., also doing business as BoostMyScore.net, and
WILLIAM O. AIRY, individually and as an officer of BoostMyScore LLC and BMS, Inc.,

    Defendants.

_____

**PERMANENT INJUNCTION AND MONETARY JUDGMENT**
_____

On March 6, 2020, plaintiff Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") [Docket No. 1], pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57(b); Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b), and Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105(b). Docket No. 1 at 1, ¶ 1. Defendants BoostMyScore, LLC, BMS, Inc., and William O' Airy have waived service of the summons and complaint. Docket No. 13 at 1.

The Commission and Defendants having stipulated to entry of a Final Order for Permanent Injunction and Equitable Monetary Judgment [Docket No. 13] and for good cause shown, the Court hereby enters this Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action.

Therefore, it is **ORDERED** as follows:

## FINDINGS OF FACT

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices that violate Section 5 of the FTC Act, 15 U.S.C. § 45(a), multiple provisions of CROA, 15 U.S.C. §§ 1679-1679j, and multiple provisions o the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the marketing and sale of credit repair services.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney's fees.

5. Defendants and the Commission waive all rights to appeal or otherwise to challenge or to contest the validity of this Order.

6. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.     "Credit Repair Service" means any service, in return for payment of money or other consideration, for the express or implied purpose of: (1) improving any consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating; or (2) providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve any consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating.

B.     "Defendants" means all of the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination. "Corporate Defendants" means BoostMyScore LLC formerly known as Boost My Score dot Net, LLC and also doing business as BoostMyScore.net, BMS, Inc. also doing business as BoostMyScore.net, and their successors and assigns. "Individual Defendant" means William O. Airy.

C.     "Person" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

## ORDER

### PROHIBITION ON COLLECTION OF ADVANCE FEES

I.     **IT IS ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other Persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting

directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any Credit Repair Service, are hereby permanently restrained and enjoined from charging or receiving any money or other consideration for the performance of any Credit Repair Service before such Credit Repair Service is fully performed.

**PROVISION REGARDING THE SALE OF TRADELINES**

II.     **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other Persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby permanently restrained and enjoined from advertising, marketing, promoting, brokering, offering for sale, or selling, or assisting in the advertising, marketing, promoting, brokering, offering for sale, or selling, of any Credit Repair Service that adds, attempts to add, or advises or directs others to add, any Person as an authorized user to any other Person's credit card account or other line of credit unless the Person to be added is given access to such credit.

**PROVISIONS REGARDING THE MARKETING OF CREDIT REPAIR SERVICES**

III.     **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any Credit Repair Service, are permanently restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by implication:

    1. That any Person will add any Person as an additional authorized user to any other Person's credit card or line of credit account;

    2. That any Person can substantially improve any Person's credit score or credit rating;

    3. That any Person is an additional authorized user on any other Person's credit card or line of credit account;

    4. That any Credit Repair Service will help any Person obtain a mortgage or other extension of credit;

    5. That any Person can remove negative information or hard inquiries from any Person's credit report, credit record, credit history, credit profile; or

    6. Any other fact material to consumers concerning any Credit Repair Service, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

B. Engaging in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any Person in connection with the offer or sale of the Credit Repair Service;

    C.  Failing to provide any Person with a written statement of "Consumer Credit File Rights Under State and Federal Law," in the form and manner required by Section 405(a) of CROA, 15 U.S.C. § 1679c(a);

    D.  Failing to include in contracts for any Credit Repair Service a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, regarding the consumer's right to cancel the contracts without penalty or obligation at any time before the third business day after the date on which consumers signed the contracts, in the form and manner required by Section 406(b)(4) of CROA, 15 U.S.C. § 1679d(b)(4); and

    E.  Failing to provide any Person with a separate form with the heading "Notice of Cancellation," in the form and manner required by Section 407(b) of CROA, 15 U.S.C. § 1679e(b); and

    F.  Violating CROA, 15 U.S.C. §§ 1679-1679j, attached to the Stipulation [Docket No. 13] as Attachment A.

## PROHIBITED DECEPTIVE BUSINESS ACTIVITIES REGARDING ANY PRODUCTS OR SERVICES

    IV.  **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any product or service, are permanently restrained and enjoined from:

    A.  Misrepresenting or assisting others in misrepresenting, expressly or by implication:

        1.  That such product or service is legal or otherwise protected by any federal or state statute or rule;

        2.  The terms of any refund, cancellation, exchange, or repurchase policy, or the circumstances under which a full or partial refund will be granted or denied; or

        3.  Any other fact material to Persons concerning any product or service, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

    B.  Failing to disclose clearly and conspicuously the terms of any refund, cancellation, exchange, or repurchase policy, or the circumstances under which a full or partial refund will be granted or denied.

## **PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS**

    V.  **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any product or service, are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service,

unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant field, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## INJUNCTION RELATING TO TELEMARKETING

VI.     **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with telemarketing, advertising, marketing, promoting, offering for sale, or selling of any product or service, are hereby permanently restrained and enjoined from:

>    A.  Misrepresenting, directly or by implication, in the sale of goods or services any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer; and
>
>    B.  Violating the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310, attached to the Stipulation [Docket No. 13] as Attachment B.

## MONETARY JUDGMENT

VII.    **IT IS FURTHER ORDERED** that:

>    A.  Judgment in the amount of SIX MILLION, SIX HUNDRED THIRTY THOUSAND, SIX HUNDRED AND SEVENTY EIGHT DOLLARS ($6,630,678) is entered in favor of the FTC against Defendants, jointly

and severally, as equitable monetary relief.

B.   Defendants are ordered to pay to the FTC SIXTY FOUR THOUSAND EIGHT HUNDRED SIXTY THREE DOLLARS ($64,863), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the FTC.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the FTC.  Ninety-one days after the completion of such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.   The FTC's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statement and related documents (collectively, "financial representations") submitted to the FTC, namely: (1) the Financial Statement of Corporate Defendant BMS, Inc. signed by William Airy, CEO on November 15, 2019, including the attachments; and (2) the Financial Statement of Individual Defendant William Airy signed on November 15, 2019, including the attachments.

D.   The suspension of the judgment will be lifted as to any Defendant if, upon motion by the FTC, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial

representations identified above.

E.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F.  Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

G.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Section, such as a nondischargeability complaint in any bankruptcy case.

H.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

I.  Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) may be used for collecting and reporting on any delinquent amount arising out of

this Order, in accordance with 31 U.S.C. § 7701.

J. All money paid to the FTC pursuant to this Section may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## CUSTOMER INFORMATION

VIII. **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the FTC to efficiently administer consumer redress.  If a representative of the FTC requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the FTC, within 14 days.

      B.  Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing or sale of any Credit Repair Service.

      C.  Failing to destroy such customer information in all forms in their possession, custody, or control within the earlier of:

          1.  30 days after receipt of written direction to do so from a representative of the FTC, or

          2.  one year after entry of this Order.

      D.  Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## ORDER ACKNOWLEDGMENTS

IX.    **IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

      A.  Each Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

      B.  For 5 years after entry of this Order, the Individual Defendant for any business that such Defendant, individually or collectively with any other

Defendants, is the majority owner or controls directly or indirectly, and each of the Corporate Defendants, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

X. **IT IS FURTHER ORDERED** that Defendants make timely submissions to the FTC:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with Defendant; (b) identify all of that Defendant's businesses by

all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

2. Additionally, the Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendants or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full

name, title (if applicable), and signature.

E.   Unless otherwise directed by an FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. BoostMyScore LLC, Matter No. 192-3059.

## RECORDKEEPING

XI.   **IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, the Corporate Defendants and the Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.   accounting records showing the revenues from all goods or services sold;

B.   personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.   records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any

response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

## COMPLIANCE MONITORING

XII. **IT IS FURTHER ORDERED** that for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC are authorized to communicate directly with each Defendant. Defendants must permit representatives of the FTC to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through

their representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning the Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## **RETENTION OF JURISDICTION**

XIII. **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

DATED April 17, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge